EAST ARKANSAS LUMBER COMPANY, Appellant, v. RAINER & CONNELL COTTON COMPANY ET AL.—24 S. W. (2d) 1001.

Division Two, February 19, 1930.

*Von Mayes* and *C. G. Shepard* for appellant.

WHITE, J.—In the Circuit Court of Pemiscot County a demurrer was filed to plaintiff's petition, a bill in equity, and by that court sustained. The plaintiff failing to plead further, his bill was dismissed, and he appealed to this court.

The petition alleges that the plaintiff is a corporation organized and existing under the laws of Delaware; that the defendant Rainer & Connell Cotton Company is a corporation organized and existing under the laws of Tennessee; and that the defendant Southeast Missouri Joint Stock Land Bank of Cape Girardeau is a corporation organized and existing under the laws of the State of Missouri. It is further alleged that, at a date not given, the owner of a tract of land in Pemiscot County, described in the petition as consisting of about two hundred acres, became indebted to the plaintiff for material furnished to the owner and used in the construction of a dwelling house on an acre of land in the tract described. That the account for said material furnished by the plaintiff was not paid, and that in due course and in due form the plaintiff filed his mechanic's lien and brought his suit thereon, and procured a judgment against the acre of land upon which the house was situated in the sum of $854.53, the value of the material so furnished, with interest from the date of the judgment; that the judgment was a lien upon the amount of land described in the proceeding, subject only to a deed of trust on the entire tract in favor of the defendant Rainer & Connell Cotton Company. The amount of the prior deed of trust of that company is not stated. Afterwards the Rainer & Connell Cot-

ton Company desired to take a renewal mortgage on some land and cancel the mortgage they then held, and the defendant Southeast Missouri Joint Stock Land Bank desired to make a loan to the owners of said land in the sum of $8,000, to be secured by a mortgage; that the Rainer & Connell Cotton Company was to take a second mortgage, subject to the mortgage of the Southeast Missouri Joint Stock Land Bank. In order to carry out that purpose, the plaintiff agreed to waive the priority of its lien judgment, and take a third mortgage on the entire tract of land for the amount of its mechanic's lien. That the several mortgages were executed and delivered according to said agreement "and the judgment aforesaid was marked satisfied on the record for the aforesaid purpose and in order to accommodate defendants and said owners, but plaintiff did not thereby intend to waive its aforesaid paramount lien upon said house and in equity and good conscience should still retain said lien upon said house; and that defendants deny that this plaintiff has any lien whatsoever upon said house; that said material out of which said house was constructed still remains wholly unpaid for and said owners are insolvent and non-residents of this State."

The petition then alleges the Rainer & Connell Cotton Company caused their said renewal mortgage upon said land to be foreclosed, and the same was sold under said second mortgage by the trustee, and bought in by said Rainer & Connell Cotton Company for the sum of $1300, and the land was conveyed to them for that sum. It is further alleged that the price for which the property was thus sold at trustee's sale was grossly inadequate; that the value of the property was reasonably worth $20,000; that since the sale, which took place February 11, 1925, the Rainer & Connell Cotton Company have been in possession thereof, receiving the rents and profits. That the plaintiff was not present at said sale, and had no knowledge prior to said sale or at the time thereof that said land had been advertised for sale under said mortgage, and did not become aware of it until a few days before the filing of the petition herein. That plaintiff's deed of trust remains wholly unsatisfied and the debts remain wholly unpaid. It is further alleged that the plaintiff has been at all times ready and willing to redeem said land by paying to the Rainer & Connell Cotton Company the principal and interest that might be due on the note or notes secured by said mortgage, or the amount bid by said Rainer & Connell Cotton Company, $1300.

The prayer for relief is that the court adjudge that the plaintiff has a paramount lien upon said dwelling house, and that the same be ordered sold to satisfy said lien, and the purchaser be authorized to remove said house from said premises. Or, that said sale under the deed of trust mentioned be set aside, and plaintiff be permitted

to redeem said land under said deed of trust, and that the court ascertain the sum which plaintiff should pay to said Rainer & Connell Cotton Company in order to redeem said land.

I.   It will be seen that plaintiff asks relief in the alternative, either that the court declare a lien in its favor for the amount of material furnished, as adjudged when it obtained a mechanic's lien judgment against the house on said premises, and that the same be sold for the purpose of satisfying said judgment; or that plaintiff be permitted to redeem as third mortgagee of the entire tract.   As to the first remedy, the plaintiff alleges in his petition that, in order to carry out the purpose of the owner of the land, who is alleged to be a non-resident and insolvent, for the purpose of waiving the priority of his lien judgment he entered satisfaction of it upon the record, and took a third mortgage upon the entire tract of some two hundred acres.   He had his judgment establishing his priority lien against the house and the one acre of ground subject to the original mortgage on the land.   He chose, however, to release that, waive that priority, and take a third mortgage on the entire tract.   That is plainly stated in the petition, but he alleges in effect that his satisfaction of the judgment was with a mental reservation, that he did not *intend* to waive his lien.

A mechanic's lien is purely statutory.   Plaintiff waived his mechanic's lien and took a third mortgage in lieu thereof as a legal claim against the property.   He now asks that in equity his silent, unexpressed intention be given effect, and the lien which he expressly waived be enforced.   We know of no authority which would authorize an equitable lien in lieu of a statutory lien, which is abandoned and another lien substituted for it.

II.   The second point upon which the plaintiff asks that the mortgage sale be set aside and it be allowed to be redeemed is that plaintiff did not know of the sale and it was sold for an inadequate consideration.   There is no allegation anywhere that the sale was at an unusual hour, or improperly advertised, or that the trustee or the *cestui que trust* practiced any deception to prevent the plaintiff from knowing when the sale took place, or that there was anything unusual in regard to the time, place or manner of sale, which operated against the interest of the plaintiff.   The only thing about it is that plaintiff did not know of the sale, and that the property was sold for an inadequate price.   It has been repeatedly held by this court that mere inadequacy of price in a sale of property under power of sale in a mortgage or deed of trust will

not justify a setting aside of the sale. [Schwartz v. Kellogg, 243 S. W. 179, l. c. 184; Rogers & Baldwin Hardware Co. v. Cleveland Building Co., 132 Mo. 442, l. c. 456; Lunsford v. Davis, 254 S. W. 878, l. c. 885; Green Real Estate Co. v. Building Co., 196 Mo. 358, l. c. 372; Roby v. Smith, 261 Mo. l. c. 201.] Many other cases might be cited in which the principle is laid down that mere inadequacy of price, unless it is so gross as to shock the conscience, will not be sufficient to set aside a sale. In the Hardware Company case property worth $40,000 or $50,000 was sold for $250, and even there irregularities and misconduct on the part of the sheriff were shown and caused the sale to be set aside.

It is alleged that the land was reasonably worth $20,000. There was a first mortgage on it of $8,000. It was sold under second mortgage for $1300. It is said that the equity of $12,000 was thus sold for that sum. There is no allegation in the petition as to the amount of the second mortgage. It is alleged that the owner of the property to secure the mortgage was a non-resident and insolvent. For aught that appears, the mortgage may have been for the fair value of the equity above the first mortgage, and the only security which the second mortgagee had was that equity. It was not the mere equity of $12,000 sold for $1300, but the $20,000 property was sold for $1300 plus $8,000, plus whatever balance was due the purchaser on its second mortgage. All of which entered into the purchase price because the maker of the note was insolvent.

There was nothing to show there was such inadequacy of price at the sale as to justify interference by a court of equity.

The judgment of the circuit court is affirmed. *Blair, P. J.*, concurs; *Walker, J.*, absent.